IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                            **Case No. 05-40139-01-RDR**

JEFFREY WAYNE LANHAM,

        Defendant.

## MEMORANDUM AND ORDER

This matter is presently before the court upon several motions filed by the defendant. The court has conducted oral argument and is now prepared to rule.

The defendant is charged with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). The indictment alleges that he possessed six firearms after being convicted of attempted criminal possession of a firearm in Kansas state court. The defendant has filed the following motions: (1) motion to dismiss; (2) motion for notice of evidence; and (3) motion for disclosure of expert testimony.

The defendant seeks to dismiss the indictment, arguing that he has not suffered a qualifying felony conviction in the State of Kansas which would trigger the federal felon in possession law. He contends that at the time of the charge in this case his civil rights had been restored and Kansas law permitted him to possess firearms.

In 1999 the defendant entered a plea of guilty to attempted

criminal possession of a firearm in violation of K.S.A. 21-4204(a)(3). The instant charge allegedly occurred on or about September 14, 2005.

Federal law prohibits weapon possession by persons who have been convicted of a "crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g). Under the Firearm Owners' Protection Act of 1986, the determination of whether someone has in fact been convicted of a crime punishable by more than a year in prison is governed by the law of the jurisdiction in which the criminal proceeding took place. 18 U.S.C. § 921(a)(20). In addition, § 921(a)(20) provides in relevant part: "Any conviction which . . . has had civil rights restored shall not be considered a conviction for purposes of this chapter. . . ." 18 U.S.C. § 921(a)(20). Thus, Congress has chosen to defer to the convicting jurisdiction to define the prior felony. In so doing, the court must look to "the whole of the state law" to determine if firearms privileges have been disabled. United States v. Burns, 934 F.2d 1157, 1160 (10th Cir. 1991).

Upon the defendant's release from supervision for his 1999 conviction, he received the following certificate from the Kansas Parole Board:

> The Kansas Parole Board, pursuant to K.S.A. 22-3722, amendments thereto, and K.A.R. 45-11-1, finds that: Jeffrey Lanham 41630 has completed his/her period of post release supervision as required by law and grants the person named a full and complete discharge from post release supervision effective: 09/01/2000.

> It is further ordered that all civil rights lost by operation of law upon commitment are hereby restored. These rights include, but are not limited to, the right to vote, the right to hold public office subject to K.S.A. 19-801(b) and amendments thereto, and the right to serve on a jury.  These rights shall not include the right to own, possess, or use a firearm or other weapon as prohibited by K.S.A. 21-4202 or K.S.A. 1993 and amendments thereto, or any other ordinance, resolution or statute prohibiting the acts and conduct prohibited by the aforementioned statutes.

In Kansas, the prohibition of the possession of firearms by convicted felons is set forth in K.S.A. 21-4204.  Although the law has changed over the years, the scheme in effect at the time of the commission of the instant offense and in effect now prohibits the possession of a firearm by a felon, depending upon the particular circumstances, for a period of five years, ten years, or an indefinite period.  K.S.A. 21-4204; see also State v. Lueker, 264 Kan. 341, 956 P.2d 681 (1998) (form of criminal possession of firearm statute in effect at time of alleged firearms offense was applicable, rather than form in effect at time of defendant's underlying felony, in determining whether the firearm possession was prohibited).

The government contends that the defendant's prior state crime subjected him to a ten-year prohibition, relying upon K.S.A. 21-4204(a)(4)(B).  The defendant, however, argues that his prior crime only subjected him to a five-year prohibition, relying upon K.S.A. 21-4204(a)(3).  The particular time period of the prohibition is critical because the instant offense occurred over five years, but

less than ten years, after his prior crime.  See <u>United States v. Jordan</u>, 2002 WL 1634876 at * 2 (D.Kan. 2002) (circumstances of prior crime determine which version of K.S.A. 21-4204 applies at time of charged § 922(g)(1) offense).

The statutes in question provide as follows:

> (a) Criminal possession of a firearm is:
> . . . . .
> (3)possession of any firearm by a person who, within the preceding five years has been convicted of a felony, other than those specified in subsection (a)(4)(A), under the laws of Kansas or a crime under a law of another jurisdiction which is substantially the same as such felony, has been released from imprisonment for a felony or was adjudicated as a juvenile offender because of the commission of an act which if done by an adult would constitute the commission of a felony, *and was found not to have been in possession of a firearm at the time of the commission of the offense;*
> . . . . .
> (4) possession of any firearm by a person who, within the preceding 10 years, has been convicted of:
> . . . . .
> (B) a nonperson felony under the laws of Kansas or a crime under the laws of another jurisdiction which is substantially the same as such nonperson felony, has been released from imprisonment for such nonperson felony or was adjudicated as a juvenile offender because of the commission of an act which if done by an adult would constitute the commission of a nonperson felony, *and was found to have been in possession of a firearm at the time of the commission of the offense.*

K.S.A. 21-4204(emphasis added).

The defendant contends he was not found to have been in possession of a firearm at the time of the commission of his prior offense, attempted possession of a firearm, so the five-year prohibition must apply and the instant charge must be dismissed because it occurred beyond the five-year period.  The government

4

argues that the ten-year prohibition applies because it contends that the defendant did possess a firearm at the time of the commission of the prior offense. Although the defendant was convicted of attempted possession of a firearm, the government suggests that the underlying facts as shown by the police reports in support of the charge demonstrate that the defendant did possess a firearm. The government also makes the curious argument that the overt act asserted in the charge of the prior conviction shows possession of a firearm by the defendant.

Neither side has pointed the court to any cases that discuss the final phrase of K.S.A. 21-4204(a)(4)(B), i.e., "and was found to have been in possession of a firearm at the time of the commission of the offense." The defendant contends this phrase should be interpreted under the categorical approach adopted in United States v. Shepard, 544 U.S. 13, 125 S.Ct. 1254 (2005). The government does not necessarily disagree with the application of the categorical approach here. Rather, the government contends that the categorical approach should be broadened to include police reports as suggested by Justice O'Connor in her dissent in Shepard. See Shepard, 125 S.Ct. at 1266-68 (O'Connor, J., dissenting) ("The Court's overscrupulous regard for formality leads it not only to an absurd result, but also to a result that Congress plainly hoped to avoid.").

In Shepard, the Supreme Court provided guidance on how courts

should consider disputed facts about a prior conviction.  Shepard held that sentencing courts are not permitted to look at police reports or complaint applications of a prior plea to determine if the prior conviction qualified as a predicate felony for enhancement purposes under the Armed Career Criminal Act(ACCA).  Shepard, 125 S.Ct. at 1263.  The Court concluded that a trial court may examine the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.  Id.; see also Taylor v. United States, 495 U.S. 575, 602 (1990) (court may look to the indictment or information and the jury instructions of a prior conviction to determine if it can be used for enhancement purposes of the ACCA).

   The underlying concern at issue before the Supreme Court in Shepard was judicial fact-finding of circumstances surrounding a conviction.  Enhancement under the ACCA depends upon how a prior crime was committed as only certain crimes qualify as predicate felonies.  We believe we are faced with a similar situation here.  Although Shepard was narrowly drawn so as to apply only to the ACCA, we find its teachings are applicable here, particularly in light of the absence of any guidance on this precise issue.  Accordingly, we must reject the government's efforts to broaden Shepard by asking that the court apply the principles set forth in Justice O'Connor's dissent.  See United States v. Treto-Banuelos,

2006 WL 281099 at * 1 (10th Cir. 2006) ("[W]e are prohibited from probing police reports or complaint applications as they would require us to inquire into the factual basis for the earlier conviction, thereby upsetting the purpose of the categorical approach, which is to avoid collateral trials.").

With the application of Shepard, we turn to the circumstances of the instant case. At oral argument on the instant motion, the government asked for additional time to obtain the plea colloquy from the defendant's conviction for attempted possession of a firearm. The defendant objected, arguing that this case has been delayed long enough. The defendant suggested that the government has had ample time to obtain the transcript if it believed it was necessary.

The court has granted the government two continuances to file its response in this case. The court believes the previously granted continuances provided adequate time for the government to produce the plea colloquy transcript. In addition, the government has failed to suggest that the transcript would provide anything helpful to its argument in this case. In light of all these circumstances, the court shall deny the government's motion for a continuance.

With that decision, we must consider what is before the court and how it should be examined under Shepard. Without the use of the police reports, the court has only the charging document before

7

us. The government has suggested that the overt act in the charging document provides adequate support for a finding of possession of a firearm by the defendant.

The charge to which the defendant previously pled guilty reads as follows:

> That on or about the 8th day of January, 1996, in the County of Douglas, State of Kansas, the defendant, Jeffrey W. Lanham, did then and there willfully, feloniously and unlawfully commit an overt act, the crime of Criminal Possession of a Firearm, as defined by K.S.A. 21-4204(a)(3), with the intent to commit said crime, but failed in the perpetration thereof or was prevented or intercepted in executing said crime, all in violation of K.S.A. 21-3301. Contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Kansas. (Attempted Criminal Possession of a Firearm, Non Drug/Level 10/Non Person/Felony).

The court cannot agree with the government's argument. Previously in this opinion, the court referred to this contention as curious. We find it not only curious, but clearly non-meritorious. The charging document does reference, as the government points out, an overt act. The charging document states that the defendant "did then and there willfully, feloniously and unlawfully commit an overt act, the crime of Criminal Possession of a Firearm, as defined by K.S.A. 21-4204(a)(3), with the intent to commit said crime, but failed in the perpetration thereof or was prevented or intercepted in executing said crime. . . ." The charging document makes it clear that the defendant failed in his effort to possess a firearm. With this language in the charging

document, the court simply cannot find that the defendant "was found to have been in possession of a firearm at the time of the commission of the offense" as required for the application of the ten-year restriction set forth in K.S.A. 21-4204(a)(4)(B).  The court must find that the five-year restriction set forth in K.S.A. 21-4204(a)(3) applies here.  The application of this restriction means that at the time the defendant was charged in the instant case, he was not precluded from possessing a firearm under Kansas law.  Accordingly, the charge in this case must be dismissed.

With this decision, the court need not consider the other motions filed by the defendant.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. # 16) be hereby granted.  The indictment is hereby dismissed.

**IT IS SO ORDERED.**

Dated this 8th day of March, 2006 at Topeka, Kansas.

                                        s/Richard D. Rogers
                                        United States District Judge